UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


JOHN DOE,


   Plaintiff,

v.                                  Civil Action No. 1:26cv2217

UNITED STATES OF AMERICA,

  Defendant.


MOTION REQUESTING APPLICATION OF THE HUBBARD FACTORS


   Plaintiff respectfully requests that the Court apply the seven-factor test set forth in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980), to the specific filings in this matter. Plaintiff submits this supplemental statement to assist the Court by outlining how the Hubbard factors apply to this record and why pseudonymity and limited sealing are appropriate under the governing standard.

   The Court's Minute Order referenced prior cases involving the same Plaintiff, but lacking explanation we request here the application of their standard for evaluation and summary judgment.

Hubbard requires a case-specific, factor-by-factor balancing of:

  (1) the need for public access to the documents at issue;

  (2) the extent of previous public access;

  (3) the fact and degree of public interest in the litigation;

  (4) the strength of the property and privacy interests asserted;



RECEIVED

JUN 30 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

(5) the possibility of prejudice to those opposing sealing;

(6) the purposes for which the documents were introduced; and

(7) the likelihood of judicial scrutiny if the documents are sealed.

Hubbard, 650 F.2d at 317–22.

Public access to the legal and structural issues does not require public access to Plaintiff's identity. Transparency in the litigation is fully preserved without exposing Plaintiff personally. Disclosure of Plaintiff's identity would not advance public understanding of the case; it would only expose Plaintiff to scrutiny unrelated to the merits.

Courts typically deny pseudonymity and sealing when:

(a) the plaintiff's privacy interest is insufficient;

(b) the public interest outweighs the privacy interest;

(c) the alleged harms are speculative;

(d) the request is not narrowly tailored; or

(e) prior similar cases have already rejected the arguments.

None of these circumstances apply here.

(a) Plaintiff's privacy interest is substantial and directly tied to the subject matter of the litigation. The case concerns autonomy, exposure, adult-content access, and structural harms. This is not embarrassment or a generalized desire for anonymity. It is precisely the type of privacy interest courts protect when identity disclosure would undermine the very autonomy interest at stake.

(b) The public interest in the litigation does not depend on Plaintiff's

identity. The public can fully understand and evaluate the structural issues, the regulatory questions, and the legal claims without knowing who Plaintiff is. Public access to the Complaint, motions, and legal arguments is preserved.

(c) The harms described are not speculative. Disclosure of Plaintiff's identity would directly frustrate the autonomy interest asserted in the Complaint and expose Plaintiff to scrutiny unrelated to the merits. The harms are concrete, ongoing, and inherent to the subject matter.

(d) The sealing request is narrowly tailored. Plaintiff seeks only to protect identity and direct identifiers. All legal issues, factual allegations, and structural claims remain fully accessible to the public.

(e) The prior cases referenced in the Minute Order did not apply the Hubbard factors and therefore cannot control this matter. They are not materially related for Hubbard purposes because they did not conduct the required factor-by-factor analysis.

Plaintiff respectfully submits that the Hubbard factors, applied to this record, support pseudonymity and limited sealing. Public access to the structural issues are preserved, while Plaintiff's identity—irrelevant to the public's understanding of the case and directly tied to the asserted harms—is protected.

Dated: June 30, 2026

/s/ John Doe

John Doe, Plaintiff, pro se