UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,
    Plaintiff,

v.

UNITED STATES OF AMERICA,
    Defendant.

Civil Action No. 1:26CV2217

MOTION TO SEAL IDENTIFYING INFORMATION AND FOR ENTRY OF A PROTECTIVE ORDER

Plaintiff respectfully submits this updated public version of his Motion to Seal. This filing includes supplemental factual information demonstrating that the record in this case is materially different from Plaintiff's prior cases referenced in the Court's June 30, 2026 Minute Order. Because the factual record is not identical, denial by incorporation is not permissible, and a case-specific Hubbard analysis is required.

Plaintiff John Doe respectfully moves to seal identifying information and certain exhibits and to enter a protective order limiting public disclosure. In support, Plaintiff states:

I. Legal Standard
Sealing is appropriate where a party demonstrates a compelling interest that outweighs the public's presumptive right of access and where the sealing request is narrowly tailored. In the D.C. Circuit, courts apply the Hubbard balancing test to determine whether sealing is warranted.

II. Application of Hubbard Factors

1. Need for public access to the documents at issue.
   - The public interest in access to pleadings is significant, but the limited information at issue (Plaintiff's identity and contact information) is not necessary for public understanding of the legal issues presented. The redacted public Complaint preserves the legal and factual issues while protecting private identifiers.

2. The extent of previous public access to the documents.
   - Plaintiff's identity and the unredacted administrative filings have not been publicly disclosed. There is no prior public access that would weigh against sealing.

3. The fact and degree of public interest in the litigation.

 - The public interest in the legal questions (regulatory architecture and consumer choice) is high; however, that interest does not require public disclosure of Plaintiff's identity to evaluate the legal claims.

4. The strength of the property and privacy interests asserted.
 - Plaintiff asserts a strong privacy and autonomy interest in avoiding public disclosure of identity tied to sensitive expressive exposure. Disclosure could cause harassment, stigma, or other harms.

5. The possibility of prejudice to those opposing the sealing request.
 - The United States will not be prejudiced because defense counsel and the Court will have access to unredacted materials under seal and may litigate the case fully.

6. The purposes for which the documents were introduced.
 - The unredacted materials are introduced to establish standing and factual context; redaction of identity does not impair the Court's ability to adjudicate the legal issues.

7. The likelihood of judicial scrutiny if the documents are sealed.
 - The proposed sealing is narrowly tailored and limited to identity and direct identifiers; the Court can review the unredacted materials in camera if it deems necessary.

III. Narrow Tailoring and Proposed Procedures
Plaintiff requests sealing only for:
  a. The unredacted Complaint (identifying information only);
  b. Any declarations or exhibits that reveal Plaintiff's identity or contact information;
  c. Administrative filings submitted to the FCC that contain identifying information.

Proposed procedures:
  1. File the unredacted Complaint and unredacted exhibits under seal.
  2. File a redacted public version of the Complaint and exhibits that omits identifying information.
  3. Provide defense counsel with access to sealed materials under a protective order.
  4. Provide the Court with a highlighted unredacted courtesy copy showing proposed redactions.

IV. Proposed Protective Order (summary)
 - Sealed materials shall be accessible only to the Court and counsel of record.
 - Defense counsel may review sealed materials but shall not disclose identifying information to third parties without further order.
 - Sealed materials shall be used only for litigation purposes.

SUPPLEMENTAL STATEMENT OF FACTS

Plaintiff respectfully submits the following factual information in support of this Motion. These facts were not present in Plaintiff's prior cases and demonstrate that the factual record here is materially different:

1. Plaintiff has reported multiple safety-related incidents to law enforcement, including:
   - Ventura Police Department Incident Nos. 2025-52121, 2025-52122, 2025-52123, and 2025-52131.
   - Associated CAD logs documenting Plaintiff's calls for assistance.
   - A 911 call reporting a roadway pursuit by unknown individuals attempting to record Plaintiff's movements.
   - A separate 911 call reporting a physical intrusion at Plaintiff's residence, including tapping on Plaintiff's bedroom window.

2. These incidents reflect documented safety concerns that would be exacerbated by public disclosure of Plaintiff's identity. Plaintiff's identifying information is therefore directly connected to the risk of further harassment or harm.

3. These facts were not present in Plaintiff's prior cases and therefore require a case-specific Hubbard analysis rather than denial by incorporation.

V. Conclusion
For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion to Seal and enter the proposed protective order.

Respectfully submitted,

/s/ John Doe
John Doe, Plaintiff, pro se
Email for service: johndoeplaintiffdc@gmail.com
Dated: June 15, 2026