IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH WILLIAM RAMIREZ,
    Plaintiff,
v.
UNITED STATES OF AMERICA,
    Defendant.

Civil Action No. 1:26-cv-2217

PLAINTIFF'S MOTION TO CORRECT MISCLASSIFICATION OF PLAINTIFF'S FIRST
AMENDED MOTION TO SEAL AND FOR REQUIRED HUBBARD ANALYSIS

Plaintiff Joseph William Ramirez respectfully moves the Court to correct a clear procedural error
in the Court's July 15, 2026 Minute Order, which misclassified Plaintiff's First Amended Motion
to Seal All Exhibits Containing Sensitive Personal Identifying Information, With Hubbard Factor
Analysis ("Motion to Seal") as a renewed request for pseudonymity. Because the Motion to Seal
expressly disclaimed pseudonymity, invoked United States v. Hubbard, 650 F.2d 293 (D.C. Cir.
1980), and introduced new factual material not present in any prior case, the Court's
reclassification prevented the required Hubbard analysis and resulted in the erroneous
conclusion that Plaintiff presented "no new facts or arguments."

Plaintiff respectfully requests correction of this misclassification and issuance of a written
Hubbard factor analysis, or, in the alternative, certification for interlocutory appeal under 28
U.S.C. § 1292(b).

------------------------------------------------------------

I. THE COURT MISCLASSIFIED PLAINTIFF'S MOTION TO SEAL AS A PSEUDONYMITY
REQUEST

------------------------------------------------------------

The Court's Minute Order states:

   "No such analysis is required… Plaintiff's request to conceal his name and identifying
information is instead one to proceed pseudonymously."

This characterization is contradicted by the face of Plaintiff's filings.

A. Plaintiff expressly disclaimed pseudonymity in writing.

Plaintiff's Notice of Intent to Proceed Under True Name states:

RECEIVED

JUL 20 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

"Plaintiff will proceed in this action under his legal name… Plaintiff's separate protective sealing request concerns specific sensitive records and identifiers."

Plaintiff's Motion to Seal states:

"Plaintiff is not seeking pseudonymity. Plaintiff is not seeking to conceal his name."

"This is a sealing motion governed exclusively by United States v. Hubbard… The Court may not recharacterize it as a pseudonym motion."

The Court nevertheless treated the Motion to Seal as a pseudonym request and denied it on that basis. This is a procedural error requiring correction.

------------------------------------------------------------
II. THE COURT FAILED TO APPLY THE REQUIRED HUBBARD ANALYSIS
------------------------------------------------------------

Plaintiff's Motion to Seal demanded a factor-by-factor Hubbard analysis and expressly requested written findings if the motion were denied:

"Plaintiff respectfully requests that the Court issue a written order addressing each of the seven Hubbard factors individually… If this Court denies this Motion, Plaintiff respectfully requests that the Court issue a written order addressing each of the seven Hubbard factors so that Plaintiff may assess and preserve all rights on appeal."

The Court did not conduct Hubbard analysis.
The Court did not issue Hubbard findings.
The Court did not acknowledge Hubbard at all.

Instead, the Court declared:

"No such analysis is required."

This is contrary to D.C. Circuit law. A sealing motion must be evaluated under Hubbard. A court may not avoid Hubbard by reclassifying a sealing motion as something else.

------------------------------------------------------------
III. THE COURT'S STATEMENT THAT PLAINTIFF PRESENTED "NO NEW FACTS OR ARGUMENTS" IS CONTRADICTED BY THE RECORD
------------------------------------------------------------

The Court stated:

"The present motions offer no new facts or arguments warranting a different result."

This is incorrect.

Plaintiff's Motion to Seal introduced substantial new factual material not present in any prior case, including:

• Ventura Police Department Incident Nos. 2025-52121, 2025-52122, 2025-52123, 2025-52131
• Associated CAD logs
• 911 call records
• A documented roadway pursuit
• A documented bedroom-window intrusion
• GPS-anchored emergency call locations
• A detailed CPRA/FOIA traceability explanation
• A full seven-factor Hubbard analysis
• A proposed narrowly tailored sealing protocol

Plaintiff's Motion to Seal expressly stated:

   "These facts were not present in Plaintiff's prior cases… denial by incorporation is not permissible."

The Court's "no new facts" conclusion is therefore factually incorrect and resulted directly from the Court's misclassification of the motion.

------------------------------------------------------------
IV. RELIEF REQUESTED
------------------------------------------------------------

Plaintiff respectfully requests that the Court:

1. Correct the misclassification.
   Recognize that Plaintiff's Motion to Seal is a sealing motion, not a pseudonym motion.

2. Conduct the required Hubbard analysis.
   Issue a written order addressing each of the seven Hubbard factors as applied to the specific police records, CAD logs, incident identifiers, dispatcher notes, and personal identifying information at issue.

3. Alternatively, certify the issue for interlocutory appeal.
   If the Court declines to conduct Hubbard analysis, Plaintiff requests certification under 28 U.S.C. § 1292(b) because:
   (a) the order involves a controlling question of law (whether Hubbard applies);
   (b) there is substantial ground for difference of opinion; and
   (c) immediate appeal will materially advance the resolution of this case.

----------------------------------------------------------

CONCLUSION

----------------------------------------------------------

Plaintiff respectfully requests that the Court correct the misclassification of Plaintiff's Motion to Seal, conduct the required Hubbard analysis, or certify the issue for interlocutory appeal.

Respectfully submitted,

Joseph William Ramirez
Plaintiff, Pro Se
287 East Collins Street
Oxnard, CA 93036
(805) 236-4306
jwr.2k25@gmail.com

Date: July 18, 2026