Case No. 1:26-cv-2217
PLAINTIFF'S RENEWED MOTION TO SEAL PERSONAL IDENTIFIERS
(Concurrently Filed with First Amended Complaint)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH WILLIAM RAMIREZ,
Plaintiff, Pro Se,
v. UNITED STATES,
Defendant.

PLAINTIFF'S RENEWED MOTION TO SEAL PERSONAL IDENTIFIERS

I. INTRODUCTION

Plaintiff Joseph William Ramirez, proceeding pro se, respectfully renews his motion to seal his personal identifiers—specifically his home address, telephone number, email address, and precise geolocation data—from the public docket in this matter. This renewed motion is filed in connection with, and to apply to, the First Amended Complaint and all related filings.

Plaintiff does not seek to seal the underlying claims, causes of action, legal theories, or judicial reasoning in this case. Plaintiff does not seek pseudonymity or any relief that would obscure his identity from the Court, opposing counsel, or authorized parties. The sole subject of this motion is the narrow class of personal identifiers that, if made publicly accessible on a federal court docket, would provide bad actors with the precise physical information necessary to locate Plaintiff and carry out documented, credible threats against his life and safety.

II. FACTUAL BACKGROUND

Plaintiff incorporates by reference the safety record described in his Motion for Protective Order Based on Safety Risks, including:

1. A high-speed vehicular pursuit handled by the California Highway Patrol (CHP);
2. A threatening nighttime encounter documented by the Ventura County Sheriff's Office (VCSO);
3. A gang-associated "greenlight" death threat documented by the Oxnard Police Department (OPD) in 2022; and
4. Multiple emergency calls logged in Computer-Aided Dispatch records by the Ventura Police Department (VPD).

RECEIVED

JUL 28 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

III. LEGAL STANDARD

Plaintiff relies on the Court's inherent authority, the common-law right-of-access framework, the Hubbard balancing factors, and any applicable local rules or standing orders governing sealed filings in the District of Columbia. Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980).

IV. HUBBARD FACTOR ANALYSIS

Plaintiff applies each of the six Hubbard factors and submits that:

- His privacy and safety interest in his personal identifiers outweighs any public interest in those identifiers;
- The documented threat record constitutes a compelling reason for sealing;
- The sealing request is narrowly tailored to personal identifiers only;
- Redaction of identifiers is the least restrictive alternative;
- Disclosure would cause a clearly defined and serious injury; and
- The public interest in disclosure is outweighed by the interest in sealing.

V. ARGUMENT

Plaintiff's renewed motion presents a fuller and more organized evidentiary safety record than was
previously before the Court and clarifies that the requested sealing applies to all filings associated
with the First Amended Complaint.

VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Seal and redact Plaintiff's home address, telephone number, email address, and precise geolocation data from all public-facing filings in this matter, including the First Amended Complaint and all subsequent filings;

2. Direct the Clerk of Court to maintain a separate sealed file containing Plaintiff's unredacted contact information, accessible only to the Court, its staff, and authorized parties under a protective order; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Joseph William Ramirez
Plaintiff, Pro Se
Dated: 07/28/2026