Case No. 1:26-cv-2217
PLAINTIFF'S MOTION TO RECONSIDER PRIOR DENIAL BASED ON SAFETY EVIDENCE
(As Applied to Sealing of Personal Identifiers in Connection with First Amended Complaint)

DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

JOSEPH WILLIAM RAMIREZ,
Plaintiff, Pro Se,
v. UNITED STATES,
Defendant.

PLAINTIFF'S MOTION TO RECONSIDER PRIOR DENIAL BASED ON SAFETY EVIDENCE

I. INTRODUCTION

Plaintiff Joseph William Ramirez, proceeding pro se, respectfully moves this Court pursuant to its
inherent authority, Federal Rule of Civil Procedure 59(e), Federal Rule of Civil Procedure 60(b), and
any applicable local rules to reconsider any prior order or ruling that denied or declined to grant
Plaintiff's request to seal his personal identifiers from the public docket in this action.

This motion is directed to any such prior denial and is filed in light of the complete safety record
now presented—organized across four law-enforcement-documented incidents involving four
separate agencies—which was not previously before the Court in its integrated form.

II. PROCEDURAL HISTORY

(Recites commencement of Case No. 1:26-cv-2217, prior sealing request, and any prior order declining
relief; explains that this motion is timely and not filed for delay but to ensure a complete record.)

III. NEW OR NEWLY ORGANIZED SAFETY EVIDENCE

A. CHP – Freeway Pursuit
B. VCSO – Nighttime Window Tapping
C. OPD – 2022 Greenlight Death Threat
D. VPD – CAD-Logged Emergency Calls

(Each subsection tracks the detailed descriptions already set out, emphasizing that the CHP-documented
pursuit, VCSO nighttime window tapping, OPD greenlight, and VPD CAD records together materially

RECEIVED

JUL 28 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

change the factual picture before the Court.)

IV. LEGAL STANDARD FOR RECONSIDERATION

Plaintiff invokes Rule 60(b)(2) (newly discovered or newly organized evidence), Rule 59(e) (need to
correct clear error or prevent manifest injustice), and the Court's equitable authority to reconsider
orders where material facts were not previously considered.

V. HUBBARD FACTOR ANALYSIS

Plaintiff applies the six Hubbard factors to the complete safety record and submits that each factor
now weighs in favor of sealing Plaintiff's personal identifiers.

VI. ARGUMENT

A. The Prior Ruling Did Not Have the Benefit of the Complete Safety Record
B. The Hubbard Factors, Properly Applied to the Full Record, Compel Sealing
C. The Narrowly Tailored Relief Does Not Impair Public Access
D. Denial of Reconsideration Would Leave Plaintiff Exposed to Documented, Life-Threatening Risks

VII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Grant reconsideration of any prior order declining to seal Plaintiff's personal identifiers;

2. Upon reconsideration, enter an order sealing and redacting Plaintiff's home address, telephone
number, email address, and precise geolocation data from all public-facing filings, including the
First Amended Complaint, with unredacted information maintained in a sealed Court file
accessible to the Court and defense counsel; and

3. In the alternative, schedule an evidentiary hearing at which Plaintiff may present his safety
showing in full.

Respectfully submitted,

Joseph William Ramirez
Plaintiff, Pro Se
Dated: 07/28/2026